FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATE F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-03068-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 17, 19. Attorney D. James Tree represents Katie F. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for an immediate award of benefits pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on January 11, 2010, Tr. 86-87, 262, alleging disability since November 1, 2008, Tr. 231, 233, due to bipolar II with mania,

ORDER GRANTING PLAINTIFF'S MOTION - 1

depression, and posttraumatic stress disorder (PTSD). Tr. 266. The applications were denied initially and upon reconsideration. Tr. 145-52, 159-180. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on January 14, 2013 and heard testimony from Plaintiff and vocational expert Trevor Duncan. Tr. 42-83. The ALJ issued an unfavorable decision on February 1, 2013. Tr. 25-35. The Appeals Council denied review on August 8, 2014. Tr. 1-6. Plaintiff sought judicial review from this Court in October of 2014, Tr. 754-56, and the case was remanded to the Commissioner for additional proceedings on March 7, 2016, Tr. 760-74. The Appeals Council remanded the case to the ALJ for additional proceedings on March 29, 2016. Tr. 783.

The ALJ held a second hearing on February 7, 2017 and heard testimony from Plaintiff, psychological expert Kenneth Asher, Ph.D., and vocational expert Kimberly Mullinax. Tr. 677-723. The ALJ issued an unfavorable decision on February 15, 2018. Tr. 644-59. The Appeals Council did not assume jurisdiction in the prescribed time period under 20 C.F.R. §§ 404.984, 416.1484. Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff initiated this action for judicial review on April 30, 2018. ECF Nos. 1, 5.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 27 years old at the alleged date of onset. Tr. 231. She completed high school, and her reported work history includes the jobs of cashier, busser, cocktail server, customer service representative, special events coordinator, admissions representative, and auto paint repair specialist. Tr. 267, 292. Plaintiff reported that she stopped working on November 1, 2008 because of her conditions. Tr. 266.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a),

416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which are available in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 21, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from November 1, 2008 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2008, the alleged date of onset. Tr. 646.

At step two, the ALJ determined that Plaintiff had the following severe impairments: depression, PTSD, and bipolar disorder. Tr. 646.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 647.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> she can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. She can stand or walk for approximately 6 hours and sit for approximately 6 hours per 8 hour work day with normal breaks. She can occasionally climb ramps or stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to excessive vibration. She should not work at unprotected heights. She is limited to simple, routine tasks in a routine work environment with simple, work-related decisions. She can have only superficial interaction with coworkers and incidental interaction with the public.

Tr. 648. The ALJ identified Plaintiff's past relevant work as cashier II and cocktail server and found that she could not perform this past relevant work. Tr. 657.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of housekeeping cleaner, production assembler, and packing line worker. Tr. 658. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from November 1, 2008 through the date of the ALJ's decision. Tr. 458.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's symptom statements, (2) failing to properly weigh the medical opinions in the record, and (3) failing to consider Plaintiff's physical impairments at step two.

**DISCUSSION[1]**

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

statements were unreliable. ECF No. 17 at 20-21.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 649. Specifically, the ALJ found that (1) Plaintiff's multiple mental health impairments have improved with medication and therapy, (2) Plaintiff's failure to continue therapy was inconsistent with her reported severity of symptoms, and (3) Plaintiff's reported activities were inconsistent with her testimony. Tr. 649-53.

### A. Improvement with Medication and Therapy

The ALJ's first reason for rejecting Plaintiff's symptom statements, that the record showed that her symptoms improved with medication and therapy, is not specific, clear and convincing. The Ninth Circuit has taken issue with the ALJ citing evidence of improvement:

> it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

To support her determination, the ALJ set forth a summary of the medical evidence and highlighted Plaintiff's reports of improvement in the record. Tr. 651-53. However, a review of the record shows that Plaintiff's periods of improvement with medication and therapy were either not supported by the record or the ALJ omitted the evidence of an increase in symptoms not long after these periods of improvement.

The ALJ cited to a period of reported improvement by Plaintiff from April 17, 2012 to November 19, 2012. Tr. 651 *citing* Tr. 603-15. However, symptom improvement during this period is not supported by substantial evidence. On April 17, 2012, she presented with dysphoric, anxious, and constricted affect. Tr. 613. She reported still feeling sad, decreased energy and motivation, and increased anxiety. *Id*. Plaintiff arrived late to her appointment on November 5, 2012 and she presented with depressed mood and agitated affect. Tr. 606. On October 8, 2012, Plaintiff presented with depressed and anxious mood and sad affect. Tr. 610. On October 29, 2012, Plaintiff was late to her appointment and did not complete the assigned homework. Tr. 608. On November 19, 2012, Plaintiff reported symptoms of depression, anxiety, irritability, loss of interest, difficulty sleeping/concentrating, excessive daytime sleepiness, weight gain, sexual problems, obsessions, excessive worry, upsetting thoughts, hallucinations, tobacco use, family and legal problems. Tr. 601.

Next, the ALJ summarized the records from 2013 stating that providers noted Plaintiff was doing well. Tr. 651. The ALJ specifically referred to an April 23, 2013 appointment in which Plaintiff reported improvement. Tr. 651 *citing* Tr. 1192. The counseling appointment prior to this Plaintiff had depressed mood and sad affect and did not show up to her follow up session. Tr. 1197-98. The session after this appointment she again presented with sad and anxious mood and a slightly agitated affect. Tr. 1190.

Likewise, the ALJ summarized the records from 2014 through 2016

highlighting all of Plaintiff's reported improvements in symptoms. Tr. 651-52. But the ALJ failed to address the periods of increased symptoms: On April 4, 2014, Plaintiff presented with a depressed mood with a sad affect. Tr. 1141; On July 9, 2014, she presented agitated, very talkative, with irritable mood. Tr. 1132; On August 14, 2014, she presented as anxious and depressed mood with a fidgety, tense and tearful affect. Tr. 1128; On December 2, 2014, Plaintiff had a depressed mood with a sad affect. Tr. 1112; On October 20, 2016, her mood was slightly dysthymic. Tr. 1058.

Additionally, the ALJ specifically pointed to an increase in symptoms being associated with an increase in stressors. Tr. 649, 652. An improvement in symptoms "must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Garrison*, 759 at 1017. Therefore, simply because Plaintiff's symptoms increased with an increase in stressors is not a reason to reject her reported symptoms.

Here, the ALJ's practice of relying on only the positive evidence is insufficient to support her determination that Plaintiff's improvement with medication and treatment undercuts her reported symptoms.

### B. Lack of Therapy

The ALJ's second reason for rejecting Plaintiff's symptom statements, that Plaintiff failed to complete therapy, is not specific, clear and convincing.

The Ninth Circuit has found that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Here, the ALJ repeatedly states that while Plaintiff missed her therapy, she appeared able to make her medication management appointments. Tr. 651-52. However, the ALJ fails to articulate how this renders Plaintiff's testimony unreliable. In fact, it supports Plaintiff's testimony that she struggled with the homework assigned to her

in counseling and this put strain on her relationship with her counselor. Tr. 693-94, 703-05.

### C. Reported Activities

The third reason the ALJ provided for rejecting Plaintiff's symptom statements, that her alleged symptoms were inconsistent with her reported activities, is not specific, clear and convincing.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, a claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

The ALJ found that Plaintiff's activities of caring for her children, being involved in her church, driving a car, camping, crafting, volunteering at the food bank, going to the gym, tending to her self-care, and performing household chores were inconsistent with the degree of limitation Plaintiff reported. Tr. 652-53. The ALJ stated that "[t]hese activities suggest a much greater level of functioning than what the claimant alleged during her hearing and are inconsistent with the degree of impairment that she is claiming." Tr. 653. Here, the ALJ failed to state how these regular daily activities were inconsistent with the limitations Plaintiff alleged. Therefore, this fails to meet the specific, clear and convincing standard under *Lester*. Furthermore, the Ninth Circuit has found that finding Plaintiff's reported activities of daily living as inconsistent with pain testimony as questionable: "We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016.

The ALJ failed to provide specific, clear and convincing reasons to support a rejection of Plaintiff's symptom statements. Therefore, this amounts to error.

## 2. Medical Opinions

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinions expressed by Kenneth Asher, Ph.D., Geoff Dunn, M.D., Paul Emmans, III, D.O., Kerby Simon, M.D., John W. Lyzanchuk, D.O., Thomas Genthe, Ph.D., and Maria Mondragon, M.S.W. ECF No. 17 at 6-19.

### A. Kenneth Asher, Ph.D.

Dr. Asher testified at Plaintiff's remand hearing and opined that, when considering her testimony, Plaintiff's impairments in combination met or equaled listing 12.04 and 12.15. Tr. 708 ("I'm leaning heavily on 12.04 and 12.15); Tr. 710-11 (". . . understand, remembering or applying information, moderately impaired; interaction with others moderately impaired, but as I said, I - - it may actually lean - - fall over into the marked impaired range based on her present testimony; concentration, persistence or maintaining pace, marked; adaptation, managing self, moderate.").

The ALJ rejected the opinion because it was largely based on Plaintiff's testimony at the hearing and this testimony was unreliable. Tr. 654. The ALJ found that Plaintiff's testimony was inconsistent with the longitudinal record showing largely normal mental status evaluations, engaging in social interactions, and reporting drastically more symptoms when appearing at evaluations for benefits. *Id*. As discussed above, the ALJ failed to provide specific, clear and convincing reasons for rejecting Plaintiff's symptom statements. First, Plaintiff's symptom statements not being supported by the objective evidence is not a reason, standing alone, to reject her testimony. *See Lester*, 81 F.3d at 834 (9th Cir. 1995) (ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). Second, the Court has addressed that Plaintiff's activities are not inconsistent with her testimony. *See supra*. Third, the ALJ's conclusion that Plaintiff was malingering is simply not supported in the record, as even Dr. Asher found that there was no evidence of

malingering, exaggeration, or being purposely inaccurate in the record. Tr. 713. Therefore, the ALJ's reason for rejecting Dr. Asher's opinion is not supported by substantial evidence.

Defendant argues that Plaintiff failed to challenge the ALJ's determination that Dr. Asher's opinion was based on Plaintiff's subjective statements. ECF No. 19 at 13-14. However, the ALJ's determination was that Dr. Asher's opinion was based on Plaintiff's subjective reports and that these reports were inconsistent with the objective evidence in the record, her activities, and evidence of malingering. Tr. 654. Plaintiff challenged these reasons in her briefing. ECF No. 17 at 17-19. Therefore, Plaintiff presented enough of a challenge to the ALJ's treatment of Dr. Asher's opinion to allow the Court to address it in full.

**B.     Remaining Medical Opinions**

Plaintiff challenged the ALJ's treatment of the medical opinions of Geoff Dunn, M.D., Paul Emmans, III, D.O., Kerby Simon, M.D., John W. Lyzanchuk, D.O., Thomas Genthe, Ph.D., and Maria Mondragon, M.S.W. ECF No. 17 at 6-19. All of these opinions addressed Plaintiff's residual functional capacity. Considering this Court is remanding the case for an immediate award of benefits at step three of the sequential evaluation process, *see infra.*, there is no need to discuss these opinions addressing Plaintiff's residual functional capacity.

**3.     Step Two**

Plaintiff challenges the ALJ's step two determination that she has no medically determinable, severe physical impairments. ECF No. 17 at 3-6.

At step two of the sequential process, the ALJ must determine whether a claimant suffers from a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to

establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921.[2]
"[O]nce a claimant has shown that [she] suffers from a medically determinable impairment, [she] next has the burden of proving that these impairments and their symptoms affect [her] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). If the claimant fulfills this burden, the ALJ must find the impairment "severe." *Id*. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen*, 80 F.3d at 1290.

The ALJ provided the following analysis when addressing Plaintiff's physical impairments at step two:

> I adopt and incorporate the discussion of the claimant's physical complaints from the prior decision and continue to find that she does not have any medically determinable, severe physical impairments (11A/7-8). These findings were undisturbed by the District Court and the records since the time of the prior decision do not support a change in these findings. Nonetheless, I have considered the claimant's subjective complaints of pain in the context of her mental health impairments and have limited her to light work. Even if her physical impairments were severe, the residual functional capacity noted below fully accommodates for them.

Tr. 647. The prior determination the ALJ incorporated only discussed multiple sclerosis and a back impairment at step two. Tr. 730. She found that the multiple sclerosis was not a medically determinable impairment and the back impairment was not severe because it did not meet the durational requirement. *Id*.

This Court is crediting the opinion of Dr. Asher as true. *See infra*. At the hearing, Dr. Asher testified that Plaintiff's pain was the result of physical

---

[2]Prior to March 17, 2017, these requirements were set forth in 20 C.F.R. §§ 404.1508, 404.1528, 416.908, 416.928 (2016).

ORDER GRANTING PLAINTIFF'S MOTION - 12

impairments: "Constant or chronic pain can have psychological effects, even if it doesn't - - even if it's not up pain disorder. There's no indication that is psychological in basis. It's physical in its basis, but it has an impact on her psychological functioning." Tr. 706. Therefore, this Court finds that the ALJ erred at step two. However, since the Court is remanding the case for an immediate award of benefits at step three based on Plaintiff's mental impairments, there is no need for additional proceedings to address Plaintiff's physical impairments at step two.

## REMEDY

Plaintiff repeatedly asks that the Court apply the credit-as-true rule in this case. ECF Nos. 17, 20. The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted medical opinion evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison*, 759 F.3d at 1020.

In this case, all three parts of the standard are met. Plaintiff, through her counsel, testified at the hearing that the record as to Plaintiff's psychological impairments was fully developed. Tr. 680-81 (The outstanding medical evidence pertained to Plaintiff's physical impairments, and it appears that the records reported as outstanding were submitted after the hearing as exhibits 32F through 34F). Second, the ALJ failed to provide legally sufficient reasons to reject Plaintiff's symptom testimony, and therefore, failed to provide legally sufficient reasons to reject the opinion of Dr. Asher. *See supra*. Third, Dr. Asher testified that based on Plaintiff's testimony he found that her impairments met or equaled listings 12.04 and 12.15 in combination. Tr. 708-10. If this evidence were credited as true, the ALJ would be required to find Plaintiff eligible for benefits at

step three of the sequential evaluation process. As such, this Court remands the case for an immediate award of benefits.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**, and the matter is **REMANDED** for an immediate award of benefits.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED March 5, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE